IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>  Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. The Plaintiff alleges that Norfolk Southern Railway Company ("Norfolk Southern" or "Defendant") engaged in intentional discrimination against Williams by terminating his employment based on his disability in violation of the ADA, as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Williams filed a charge of discrimination with the Commission alleging violations of the ADA by Norfolk Southern. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In February 2010, Williams was diagnosed with degenerative disc disease in his spine. This impairment substantially limited Williams's ability to walk, stand and lift, as well as the functioning of his musculoskeletal system.

8. In March 2010, Williams went on a medical leave for treatment of his condition.

9. In June 2010, Williams's symptoms resolved, and his physician cleared him to work without any restrictions. However, Norfolk Southern medically disqualified him and refused to allow him to return to work in any position.

10. In December 2010, Williams' physician and physical therapist reexamined him, and both concluded that Williams was able to return to his laborer job.

11. Several days after receiving documentation of Williams' medical clearance, Norfolk Southern terminated his employment notwithstanding his ability to perform the essential functions of the laborer job with or without a reasonable accommodation.

12. Norfolk Southern discharged Williams based on his actual disability, his record of disability, and/or because it regarded him as disabled.

13. The effect of the practice(s) complained of in paragraphs 7 through 12 above has been to deprive Williams of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his disability.

14. The unlawful employment practices complained of in paragraphs 7 through 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7 through 12 above were done with malice or with reckless indifference to the federally protected rights of Williams.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees benefits on the basis of disability, and any other employment practice which discriminates on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Williams, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Williams, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-12, above, in amounts to be determined at trial.

E. Order Defendant to make whole Williams, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment

practices described in paragraphs 7-12, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Williams, punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 7-12, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

| | |
|---|---|
| 09/19/2013<br>Date | *s*/Robert K. Dawkins<br>Robert K. Dawkins<br>Regional Attorney<br>Georgia Bar No.: 076206<br>robert.dawkins@eeoc.gov |
| Steven A. Wagner<br>Trial Attorney<br>Georgia Bar No. 000529<br>steven.wagner@eeoc.gov | Ottrell F. Edwards<br>Supervisory Trial Attorney<br>Georgia Bar No. 141979<br>ottrell.edwards@eeoc.gov |

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818     (direct)
(404) 562-6905     (facsimile)