IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO.: 1:13-cv-03126-SCJ |
| v. | JURY TRIAL DEMANDED |
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Defendant. | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Norfolk Southern Railway Company ("Norfolk Southern") pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADA"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

The Commission alleges in the foregoing civil action that Norfolk Southern acted unlawfully by subjecting Marvin J. Williams, Jr., to discrimination in violation of the ADA. In its Complaint, the Commission seeks make-whole relief including, but not limited to, back pay with interest, compensatory and punitive

damages, and injunctive and other affirmative relief.

Norfolk Southern denies that it violated the ADA as alleged by the Commission in its Complaint. Norfolk Southern also denies that the Commission or Marvin J. Williams, Jr., should be awarded any relief in this matter. The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of the ADA. The parties want to conclude fully and finally all claims arising out of the Charge of Discrimination filed with the Commission by Marvin J. Williams, Jr., and the Commission's Complaint. They enter into this Consent Decree to further the objectives of the ADA and equal employment opportunity.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of the ADA.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

I.  **JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized pursuant to Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

II.  **DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims asserted in this case.  Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

III.  **NON-DISCRIMINATION PROVISION**

During the term of this Consent Decree, Norfolk Southern shall not discriminate against any individual because of their disability.  Norfolk Southern shall comply with the ADA as required by law.

IV.  **TRAINING**

During the term of this Consent Decree, Norfolk Southern shall hold one (1) training session annually for the next three years, the cost of which is to be borne

by Norfolk Southern, to be attended by those Norfolk Southern designates as B6, B7 and B8 key decisionmakers for its Medical, Human Resources, Labor Relations, Transportation, Mechanical and Engineering Departments. This training shall explain Norfolk Southern's obligations under the ADA, the terms of this Consent Decree, and what the EEOC is and its role in enforcing the ADA. The first of the above-referenced training sessions shall be completed within one hundred and fifty (150) days of the entry of this Consent Decree. Norfolk Southern shall also re-distribute its EEO policies to training participants as part of this training.

Norfolk Southern shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and an outline of the training topics.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

**V.     REPORTING REQUIREMENT**

On or before January 15 of each calendar year during this Consent Decree,

Norfolk Southern shall certify in writing to the Regional Attorney whether any employee has complained about disability discrimination or filed an internal or external complaint of disability discrimination. If an employee has so complained, then the summary report shall include the following information:

    (a)    The date of the complaint or report;

    (b)    The name of the person making the complaint or report;

    (c)    The name and title of the person against whom the complaint or report was made;

    (d)    The nature of the complaint or report;

    (e)    The name and title of Norfolk Southern's official to whom the complaint or report was made or the Norfolk Southern official who has or is addressing that complaint;

    (f)    A description of how the complaint or report was resolved by Norfolk Southern, including any personnel action(s) taken by Norfolk Southern in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.  **NOTICES TO BE POSTED**

Upon entry of this Consent Decree and continuing until the expiration date

specified in Section VIII. herein, Norfolk Southern shall keep posted at all of its locations in its Georgia Division, a copy of the Notice attached to this Consent Decree (as Attachment A).  The posting required by this paragraph shall be conspicuously displayed in employee work area(s) at Norfolk Southern's Georgia, Division such that each employee shall have the opportunity to observe at least one such posting.  Norfolk Southern will fulfill the posting and distribution requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that this posting has been accomplished.

Upon forty-eight (48) hours advance notice in writing to the Compliance Official designated in section IX below, Norfolk Southern shall cooperate with the EEOC on coordinating a safe and convenient time to visit designated areas of its premises to confirm compliance with this posting provision.  As part of its monitoring function, the EEOC agrees that it shall be subject to all of Norfolk Southern's safety rules while on its premises.  Should the Notice become defaced, marred, or otherwise unreadable, Norfolk Southern will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

**VII. CHARGING PARTIES' INDIVIDUAL RELIEF**

Norfolk Southern, in settlement of all claims alleged by the Commission in

its Complaint and all claims asserted in Marvin J. Williams, Jr.'s Charge of Discrimination on which this action is premised, shall pay Marvin J. Williams, Jr., $60,000 in compensatory damages, and $50,000 in back pay, less any applicable taxes, withholdings, and other deductions required by law.  Checks shall be issued to Marvin J. Williams, Jr., as soon as possible, but no more than thirty (30) days after:  (1) the date on which this Consent Decree is entered by the Court; and (2) Norfolk Southern's receipt of its Release from Williams.  Within five (5) business days of issuing the check(s), Marvin J. Williams, Jr., will mail a copy of the check(s) to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.  Neither the EEOC nor Norfolk Southern make any representation or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Marvin J. Williams, Jr. may or may not incur under local, state and/or federal law on the payments identified in this Paragraph.

## VIII.  TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30)

days before the expiration date of the Consent Decree.  If required reports are not submitted within thirty (30) days of the expiration date or if the remedial provisions are not complete, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.  However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said thirty-six (36) calendar month period, moved to enforce compliance with the Consent Decree.  If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions that are made during the thirty-six (36) month period have been resolved.  At the expiration of the thirty-six (36) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Consent Decree shall operate as an automatic dismissal with prejudice.

### IX.　COMPLIANCE OFFICIAL

Norfolk Southern has designated Thomas A. Shumaker to be its Compliance

Official who shall be responsible for Norfolk Southern's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Norfolk Southern's compliance with the specific terms of this Consent Decree.

X.     **PROCEDURE FOR ENFORCING COMPLIANCE**

The parties will attempt to resolve any disputes regarding the enforcement of this Consent Decree by informal consultation and/or mediation before seeking enforcement through the judicial process. The Commission will notify, in writing by first-class mail and facsimile, Norfolk Southern's Compliance Official if it has any reason to believe that any act or omission by Norfolk Southern is in violation of the Consent Decree. Norfolk Southern shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Norfolk Southern's report, the Commission concludes that the deficiency has not been satisfactorily cured by Norfolk Southern, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the

judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

### XI.   OTHER ACTIONS

The Commission shall not commence or prosecute Norfolk Southern for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Marvin J. Williams, Jr.'s claims that he was subjected to discrimination in violation of the ADA, as embodied in EEOC Charge Number 410-2011-01809, which was filed with, and investigated by the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Norfolk Southern in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to the ADA (or any other statutes enforced by the Commission) on any such charges.  Nothing in this Consent Decree shall be construed to limit or reduce Norfolk Southern's obligation to fully comply with the ADA.  Nothing herein shall preclude the Commission

from bringing an action to enforce the provisions of this Consent Decree.

## XII. COSTS AND ATTORNEYS FEES

The EEOC and Norfolk Southern shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:   /s/Robert K. Dawkins
Robert K. Dawkins, Esq.
Georgia Bar No: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

Counsel for Defendant:   /s/Christopher DeGroff
*(By Steven A. Wagner w/permission)*
Christopher DeGroff, Esq.
Illinois Bar No. 6244447
(Admitted *pro hac vice*)

SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

SO ORDERED, this the 16th day of May, 2014.

s/Steve C. Jones
United States District Court Judge
Northern District of Georgia, Atlanta Division

ATTACHMENT "A"

## N O T I C E

1. This notice is being posted as part of the remedy agreed to between Norfolk Southern Railway Company and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States District Court, Atlanta, Georgia, Civil Action Number: 1:13-cv-03126-SCJ.

2. Federal Law requires, in general, that employers not discriminate against their employees based on their disabilities.

3. Norfolk Southern Railway Company supports and will continue to comply with such Federal Law in all respects and will not retaliate against employees because they have exercised their rights under the law.

4. This notice will remain posted for thirty-six (36) months.

Individuals are free to make complaints of employment discrimination to the United States Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Signed this, the _____ day of _____, 2014.

_____
On Behalf of Norfolk Southern Railway Company